

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5892 | **DATE** | 3/14/2002 |
| **CASE TITLE** | David A. Wullschleger vs. Union Pacific Railroad Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Decision and Order. Defendant's motion for summary judgment [#20] is granted, plaintiff's motion for summary judgment [#21] is denied, and plaintiff's motion for leave to amend briefing schedule [#34-2], to join the Brotherhood of Maintenance of Way Employees as defendant [#34-3], as well as the National Mediation Board [#34-4], to reopen discovery, for actual and punitive damages [#34-5 ] and ex parte motion(s) filed on March 11, 2002 is denied. The clerk is directed to enter judgment in favor of defendant. All pending motions are hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 15 2002 | |
| | Notified counsel by telephone. | | date docketed | 43 |
| | Docketing to mail notices. | | CDY | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/14/2002 | |
| | | 02 MAR 14 PM 3:07 | date mailed notice | |
| MD | courtroom deputy's initials | | MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

MAR 15 2002

DAVID A. WULLSCHLEGER, )
)
Plaintiff, )
)
vs. ) Case No. 00 C 5892
)
UNION PACIFIC RAILROAD COMPANY, )
)
Defendant. )

## MEMORANDUM DECISION AND ORDER

The complaint in this action, brought by David A. Wullschleger, *pro se*, a former employee of the Union Pacific Railroad Company ("Union Pacific" or "the railroad"), seeks reversal of a decision of the National Mediation Board, Public Law Board No. 6089 ("the Board"), Case No. 8, Award No. 4, in which the Board denied the claim of the Brotherhood of Maintenance of Way Employees ("BMWE") on behalf of its member, the plaintiff here. It is agreed that Union Pacific is subject to the Railway Labor Act ("the Act"), 45 U.S.C. § 151 *et seq*. This court's jurisdiction is based on 45 U.S.C. § 153 First (q), which vests jurisdiction in the district court to review final decisions of the National Railroad Adjustment Board or its authorized designees (*see* § 153 First (x)), including the Board that determined plaintiff's grievance at issue here. Union Pacific has filed a copy of the administrative record with this court, and has moved for summary judgment; plaintiff has cross-moved for summary judgment.[1]

---

[1]Additionally, plaintiff moved for leave to amend the complaint on October 10, 2001, which the court denied on January 18, 2002. As addressed earlier by the court in its previous order, it construes the papers in support of that part of plaintiff's motion requesting leave to amend the complaint as a reply to defendant's response

(continued...)

43

For the reasons set forth below, the court grants Union Pacific's motion for summary judgment and denies plaintiff's cross-motion for summary judgment.

**FACTS**

The material facts are summarized as follows, and, where disputed, plaintiff's version is credited for the purpose of disposition of the motions.

Wullschleger was employed by Union Pacific at its Onaga, Kansas facility. His employment with Union Pacific is subject to the terms of a collective bargaining agreement between Union Pacific and the BMWE. A dispute arose between Union Pacific and Wullschleger wherein Union Pacific contended that on April 11, 1996, Wullschleger left his job prior to completing his shift. As a result, Union Pacific dismissed him.[2] Wullschleger requested a hearing. Prior to the scheduled hearing date and at the BMWE's request on behalf of Wullschleger, a conference was held. At the conference it was agreed that Wullschleger would be reinstated to service and that he would report to Union Pacific's Employee Assistance Program ("EAP") and comply with all instructions of the EAP. The agreement further provided that if Wullschleger withdrew from the EAP prior to completion or failed to follow the instructions of the EAP's counselor, Wullschleger would revert to the status of dismissed

---

[1](...continued)
to plaintiff's motion for summary judgment. On March 11, 2002, plaintiff filed an "Ex Parte Motion(s)" which the court construes as another motion for leave to amend the complaint. The court addresses this new motion in its decision.

[2]The court recognizes that Wullschleger's version of the events leading to the discharge varies in part from that of Union Pacific. According to Wullschleger, in February 1996, he complained (to whom it is not said) that Union Pacific was permitting operation of certain equipment by unqualified personnel. In response, a management employee named Joseph Pensick (presumably a superior) retaliated with verbal threats and abuse. On the date that Wullschleger left the job site without authorization, Pensick demanded that he remain on-site, even though Wullschleger's immediate supervisor had authorized him to leave. This disagreement about the facts does not affect the outcome of this ruling.

2

employee. If Wullschleger completed the EAP and was released from the program, however, his record could be cleared.[3]

Thereafter, according to Wullschleger, a series of misunderstandings occurred which resulted in Wullschleger not becoming enrolled in the EAP as had been agreed. On November 26, 1996, Union Pacific provided notice to Wullschleger according to the collective bargaining agreement with the BMWE that he was to report for an "investigation" hearing on December 16, 1996. The notice of hearing referenced the prior agreement whereby Wullschleger was to participate in the EAP. The notice charged that Wullschleger had violated the agreement by not participating in the EAP and that he had violated Company Rule 1.6, which provides in pertinent part that employees must not be insubordinate.

Wullschleger was removed from service pending the outcome of the investigation hearing, which was ultimately held on December 17, 1996. On January 4, 1997, Union Pacific advised Wullschleger that he had been found guilty of violating Rule 1.6, and he was dismissed at that time.

Pursuant to the Union Pacific-BMWE collective bargaining agreement, Wullschleger appealed his dismissal to the Board. Before the Board, Wullschleger, through his representative therein, the BMWE, filed a claim that

(A) Wullschleger was improperly held out of service pending the investigation;

(B) Wullschleger was discharged without fair and sufficient cause;

---

[3] Wullschleger concedes that a resolution short of the hearing was reached on May 14, 1996, whereby he would be reinstated on condition that he participate in the EAP, but Wullschleger believes Union Pacific was motivated "to create a mechanism whereby Plaintiff's sanity or mental health could be challenged . . . in relation to the Whistleblowing," not the charge of leaving the job site. (Pl. Local Rule 56.1(a)(3) Statement ¶ J.) Again, this dispute of fact does not affect the outcome of this ruling.

3

(C) the railroad's hearing officer engaged in an improper pre-hearing investigation which plaintiff contended prejudiced his due process rights;

(D) Wullschleger's due process rights were violated because the notice of charges was not precise;

(E) Wullschleger's due process rights were violated because the railroad failed to call the EAP counselors as witnesses; and

(F) Wullschleger's due process rights were violated because the railroad did not make Wullschleger's foreman available as a witness regarding Wullschleger being held out of service pending the investigation.

On April 6, 1998, Union Pacific's written Submission and BMWE's written Submission were argued before the Board. No live testimony occurred at the April 6, 1998 appeal. Instead, the Board relied on the submissions of the parties, including a transcript from the investigation hearing.

On September 23, 1998, the Board issued a decision in Wullschleger's case, which was Case No. 8, Award No. 4. In a 2-1 decision, the Board specifically addressed each ground of plaintiff's appeal, rejected all of them, and upheld Union Pacific's dismissal of Wullschleger as not arbitrary, capricious or excessive.

## STANDARDS FOR SUMMARY JUDGMENT

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In a case of administrative review, the court will examine the administrative record as well as the submissions of the parties as provided by Rule 56(c) in determining whether a genuine issue of material fact exists. The party seeking summary judgment bears the initial

4

burden of proving there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On cross-motions for summary judgment, the court must consider the merits of each motion and assess the burden of proof that each party would bear on an issue at trial. *Santaella* v. *Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).

## DISCUSSION

Plaintiff's complaint alleges that he was denied due process of law under the Fifth and Fourteenth Amendments in that (1) Union Pacific was required to present at the investigation hearing on December 17, 1996, two EAP counselors, Ms. Mayo and Ms. Souther, rather than to offer their affidavits, which could not be cross-examined; (2) hearsay and double hearsay were admitted at the hearing, and (3) the Board upheld the plaintiff's discharge from employment. Defendant contends that Union Pacific, as a private corporation, is not required to provide constitutional due process of law.

The Railway Labor Act provides, on review by the district court,

5

> . . . the findings and order of the division [of the Board] shall be conclusive on the
> parties, except that the order . . . may be set aside, in whole or in part, or
> remanded to the division, for failure of the division to comply with the
> requirements of this chapter, for failure of the order to conform, or confine itself,
> to matters within the scope of the division's jurisdiction, or for fraud or corruption
> by a member of the division making the order."

45 U.S.C. §153 First (q). In *Elmore v. Chicago & Illinois Midland Ry. Co.*, 782 F.2d 94, 96 (7th Cir. 1986), while reasoning that a party *might* be able to state a claim for denial of due process by the Board, which is a creature of government, the court held that a railroad worker's claim of denial of due process at the railroad's grievance hearing was not cognizable. Plaintiff's case is precisely the same. His claims are directed to unfairness that occurred at the investigation hearing held on December 17, 1996. The only claim directed at the Board is that it made the wrong decision. This is insufficient to bring this case within the limited scope of review by the court for failure to comply with the Railway Labor Act, failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or fraud or corruption by a member of the division making the order. *Id.* at 95.

Alternatively, plaintiff seeks leave to amend to demonstrate that the Board denied him due process because it refused plaintiff's oral request at the Board's hearing on April 6, 1998 to call witnesses who had not been called at the investigation hearing, and he seeks to join the Board as a party-defendant in order to pursue such a claim against the Board. Apart from the untimeliness of such a motion, the court will deny the motion as futile. *See Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1990) ("a district court may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss. . . . To hold otherwise would impose upon the defendants and the

6

courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs. Rule 15(a) does not require the courts to undertake such an exercise.") (internal citations omitted). The Board acted in a manner customary in the labor arena, reviewing hearing officers' or arbitrators' decisions on a written record and functioning analogously to a court of appeals in reviewing the record of a trial in the district court.[4] Plaintiff has cited no authority even suggesting that due process requires the Board to take evidence anew, and this court knows of none.

This court has reviewed the decision, the dissent, and the response filed by the members of the Board. It reflects a thorough review of the record and fundamental understanding of the issues presented, as well as a disagreement among the members of the Board as to the appropriate outcome of plaintiff's appeal. The majority of the Board, however, upheld the discharge and under governing law this decision is conclusive. *See Elmore*, 786 F.2d at 96 ("Errors, even clear ones, are not grounds for setting aside the decision. If the decision is a bona fide effort to interpret and apply the parties' contract (the collective bargaining agreement), it is

---

[4]As the court in *Elmore*, 782 F.2d at 95-96, stated:

> The [Act] establishes a scheme of compulsory arbitration for so-called minor disputes, which include disputes over an individual's job rights . . . . Although the Act itself uses the word "arbitration" to refer to an alternative mode of dispute settlement that the parties may elect under 45 U.S.C. §157, . . . the procedure that the Act creates for parties who (as in this case) do not make that election is, in fact though not in name, arbitration, too. See 45 U.S.C. § 153 First. The tribunal, although grandly styled the National Railroad Adjustment Board, in fact consists of private individuals chosen by the railroad industry and the railroad unions. See 45 U.S.C. § 153 First (a), (h), (k), (l). The standard of judicial review of these arbitrators' decision is similar – perhaps, as we recently suggested in *Brotherhood of Locomotive Engineers v. Atchison, Topeka & Santa Fe Ry.*, 768 F.2d 914, 921 (7th Cir.1985), identical – to the standard for judicial review of commercial and labor arbitration in general.

(some citations omitted).

conclusive."). Although the loss of employment is undoubtedly grievous to plaintiff, this court is without jurisdiction to grant plaintiff the relief that he requests.

## ORDER

Accordingly, defendant's motion for summary judgment [#20] is granted, plaintiff's motion for summary judgment [#21] is denied, and plaintiff's motion for leave to amend briefing schedule [#34-2], to join the Brotherhood of Maintenance of Way Employees as defendant [#34-3], as well as the National Mediation Board [#34-4], to reopen discovery, for actual and punitive damages [#34-5 ] and ex parte motion(s) filed on March 11, 2002 is denied. The clerk is directed to enter judgment in favor of defendant.

ENTER:

_____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 14, 2002